**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATERSON POLICE OFFICER SPENCER FINCH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PATERSON, *et al.*,<br><br>Defendants. | No. 26cv1718 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Paterson Police Officer Spencer Finch brings this action against Defendants City of Paterson ("Paterson")[1], Passaic County Prosecutor's Office ("PCPO")[2], and Paterson Police Department ("PPD")[3], for violation of the New Jersey Civil Rights Act ("NJCRA") and related state law causes of action arising out of Plaintiff's administrative leave and arrest following his response to a domestic violence incident and arrest of non-party Brandon Cosby. *See* D.E. 1 ("Notice of Removal"), Exhibit A ("Complaint" or "Compl.").

After Plaintiff commenced this action in the Superior Court of New Jersey, Passaic County, Law Division, Defendant Paterson timely removed the action to this Court. *See* Notice of

[1] The Paterson Defendants include Paterson Mayor Andre Sayegh in his individual, representative, and official capacities. Compl. ¶¶ 10–33.

[2] The PCPO Defendants include PCPO Captain Susan Bonds, PCPO AP Peter Foy, PCPO Prosecutor Carmelia Valdes, and PCPO Sergeant Natasha Berwick in their individual, representative, and official capacities. Compl. ¶¶ 10–33.

[3] The PPD Defendants include PPD Lieutenant Louis Spagnola and Police Officer Edwin Martinez. Plaintiff also brings these same claims against fictitious Defendants ABC Corporations Nos. 1–5 and John/Jane Does Nos. 1–15, fictitious defendants whose identities were unknown when the Complaint was filed. Compl. at 1–2.

Removal. Presently before the Court is Plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c), in which he argues that the Complaint alleges only violations of state law. D.E. 19-2 ("Motion" or "Mot.").[4] Defendant Paterson opposes, D.E. 24 ("Opposition" or "Opp'n"), and Plaintiff replies, D.E. 26 ("Reply").

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). As explained below, there is no federal question that arises from a federal cause of action on the face of the Complaint, nor does the Complaint contain an embedded federal question. The Court will accordingly **GRANT** the Motion and **REMAND** this action to state court.[5]

## I. BACKGROUND

### A. The Underlying Action[6]

On May 26, 2021, Plaintiff, a Paterson police officer, responded as a back-up officer to Defendant Officer Edwin Martinez to a domestic violence call regarding a disturbance by non-party Brandon Cosby. Compl. ¶ 109. When Plaintiff and Officer Martinez arrived, Cosby was in the hallway attempting to enter an apartment unit where Cosby's ex-girlfriend, their two toddlers, and his ex-girlfriend's mother were located. *See id.* ¶¶ 114–16. Cosby was "screaming and banging around in the hall" and Plaintiff and Defendant Martinez heard him threaten his ex-girlfriend, which they believed constituted several crimes under New Jersey law. *Id.* ¶ 120. As a

---

[4] Plaintiff filed his Notice of Motion at D.E. 19. The Court refers to Plaintiff's memorandum of law as his Motion.

[5] In Paterson's Opposition, it argues that if the Court grants Plaintiff's Motion and this action is remanded, the Court should preclude Plaintiff from recovering attorney's fees in connection with his Motion. Opp'n at 21. Because Plaintiff does not request fees in connection with this Motion, *see* Mot., the Court does not address this argument.

[6] The facts in this section are taken from the factual allegations in the Complaint, which the Court must assume as true for purposes of resolving the Motion. *Freichs v. Lifestar Response Corp.*, No. 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009).

result, Plaintiff initiated Cosby's arrest. *Id.* ¶ 121. Cosby resisted arrest, physically overpowered Plaintiff, then confronted and overpowered Defendant Martinez. *Id.* ¶¶ 122–28. Plaintiff struck Cosby with his flashlight several times to subdue him and the two officers ultimately successfully arrested Cosby. *Id.* ¶ 130.

After the arrest, Plaintiff wrote a report and probable cause statement, which his supervisor approved. *Id.* ¶¶ 145–46. Cosby was charged with resisting arrest and aggravated assault on a police officer. *Id.* ¶ 148. Plaintiff alleges that Cosby was later regarded as the "victim." *Id.* ¶ 149. As a result, an investigation ensued and Plaintiff was placed on administrative leave, his property and weapons were confiscated, and he was arrested and charged with second degree official misconduct, second degree attempted aggravated assault, perjury, and filing a false report. *Id.* ¶¶ 151–54. Following a jury trial, Plaintiff was ultimately acquitted of all charges. *Id.* ¶ 178.

### B. This Action

Following Plaintiff's acquittal, in this action, Plaintiff alleges that the criminal and administrative proceedings against him were not supported by probable cause and were instead the product of retaliation, reverse race discrimination, and politically motivated conduct by Defendants. Compl. ¶¶ 57–58, 188, 194–95. Plaintiff also alleges that Defendants concealed, suppressed, or destroyed exculpatory evidence, manufactured or relied upon false evidence, and pursued criminal charges despite knowing or having reason to know that Plaintiff used appropriate force in subduing Cosby. *See, e.g.*, *id.* ¶¶ 166, 180.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Passaic County asserting claims for: (1) violation of the NJCRA ("Count One"); (2) malicious prosecution; (3) false arrest; (4) false imprisonment; (5) abuse of process; (6) destruction/spoliation of evidence;

(7) civil conspiracy; (8) intentional infliction of emotional distress; and (9) negligent management or retention. *See* Compl.

On February 20, 2026, Defendant Paterson filed the Notice of Removal, asserting that Count One of the Complaint—violation of the NJCRA—expressly asserts claims arising under federal law. Notice of Removal ¶ 6. Plaintiff now moves to remand this action, arguing that his Complaint does not present federal question jurisdiction. *See* Mot. Paterson opposes, on the basis that the Complaint contains an embedded federal question. *See* Opp'n. The Motion is fully briefed and ready for a decision.

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal question jurisdiction "may arise in two ways." *Goldman v. Citigroup Global Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). *First*, a case arises under federal law when the complaint asserts a federal cause of action. *Id.* (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). *Second*, federal district courts also have embedded federal question jurisdiction over state-law claims that implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,* 545 U.S. 308, 312 (2005). Under either form of federal question jurisdiction, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman*, 834 F.3d at 249 (citation omitted). Put simply, "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–11 (1983)).

If federal question jurisdiction exists, a defendant may remove an action from state court to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). The removing defendant bears the burden to establish both federal jurisdiction and compliance with the statutory removal procedures. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Because removal implicates federalism concerns, courts strictly construe the removal statutes and resolve genuine doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

"After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction." *Trinity Life Ins. Co. v. 248 Brynmore Rd LLC*, No. 23-20548, 2024 WL 3070205, at *3 (D.N.J. June 20, 2024) (citing 28 U.S.C. § 1447(c)); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995).

## III. DISCUSSION

Paterson acknowledges that the Complaint contains no separately pleaded § 1983 or § 1985 count. Opp'n at 2.[7] Therefore, the Court analyzes whether the Complaint presents embedded-federal question jurisdiction. For the reasons set forth below, the Court concludes that the Complaint does not present a federal question, and accordingly, will **GRANT** Plaintiff's Motion and **REMAND** this action.

"[E]ven where a claim finds its origins in state rather than federal law," the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies."

[7] Defendant initially argued that the Complaint presented federal question jurisdiction because it identified 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *See* Notice of Removal ¶¶ 5-6. Paterson subsequently acknowledged, however, that the Complaint contains no separately pleaded § 1983 or § 1985 count and instead relies on embedded federal question jurisdiction. *See* Opp'n at 2.

*Gunn*, 568 U.S. at 258. Embedded federal question jurisdiction turns on whether a state-law claim involves a stated federal issue that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing the *Grable* factors). For federal jurisdiction over a state-law claim to be proper, all four *Grable* factors must be met. *See id.*

Paterson argues that Plaintiff's allegation in Count One for a violation of the NJCRA presents an embedded federal question because in support of his NJCRA claim, Plaintiff relies on his rights established under the Second, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. Compl. ¶ 218. The Court therefore analyzes Plaintiff's NJCRA claim under the factors the Supreme Court identified in *Grable* to determine whether it presents an embedded federal question. 545 U.S. at 314. The Court addresses each *Grable* factor in turn. As explained below, the Court concludes that Plaintiff's NJCRA claim does not present an embedded federal question.

*First*, Plaintiff's NJCRA claim does not necessarily raise a federal issue. *Grable,* 545 U.S. at 314. A federal issue is necessarily raised "if vindication of a right under state law [must] necessarily turn[] on some construction of federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 772 F.3d 158, 163 (3d Cir. 2014) (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 9). Embedded federal question jurisdiction requires "a determination of federal law as an essential element of the plaintiff's state law claim." *Id.* "If 'on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of [federal laws] why the [Plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those [federal] laws." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 26). Even if an essential

element to a particular legal theory is governed by federal law, that does not mean the entire claim "arises under" federal law. *Christianson*, 486 U.S. at 811.

The NJCRA authorizes a private action for the deprivation of rights secured by the Constitution or laws of New Jersey or the United States. N.J. Stat. Ann. 10:6-2(c). Here, although Plaintiff also invokes federal rights, Count One can succeed on the independent basis of New Jersey constitutional law without resolving a federal issue. Accordingly, resolving a federal constitutional question is not necessary to decide Plaintiff's NJCRA claim.

Moreover, Plaintiff's mere mention of the United States Constitution in support of his NJCRA claim does not mean that a federal issue is "necessarily raised." At most, the identification of federal constitutional rights in support of Plaintiff's NJCRA claim is "merely supportive of their principal complaint." *Goldman*, 834 F.3d at 256. In fact, "where a state law, like New Jersey's CRA, incorporates a federal standard for reference purposes, it does not transform the state claim into a federal question." *Pena v. Town of Kearny*, No. 13-6644, 2014 WL 1666052, at *2 (D.N.J. Apr. 25, 2014). Thus, Plaintiff's NJCRA claim does not necessarily raise a stated federal issue.[8]

*Second*, Plaintiff's NJCRA claim does not present an actually disputed federal issue. *Grable,* 545 U.S. at 314. A federal issue is actually disputed when the parties contest the "existence, applicability, or construction" of the federal law. *Goldman*, 834 F.3d at 257. In other words, a federal issue is actually disputed when, "on the merits, it is the central point of dispute." *Gunn*, 568 U.S. at 259.

Here, although Plaintiff invokes the Second, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments in support of his NJCRA claim, Paterson identifies no particular dispute concerning

[8] Even though all *Grable* factors must be met for Plaintiff's NJCRA claim to present an embedded federal question, *Gunn*, 568 U.S. at 258, for the avoidance of doubt, the Court analyzes the remaining factors.

the meaning or application of those constitutional provisions that is central to the merits of Plaintiff's claim. Instead, the parties dispute whether Plaintiff's reliance on those provisions provides a basis for federal subject matter jurisdiction. That procedural dispute over jurisdiction does not itself establish a dispute over the merits of a federal issue. Thus, Plaintiff's NJCRA claim does not present an actually disputed federal issue.

*Third*, Plaintiff's NJCRA claim does not present a "substantial" federal issue. A federal issue is substantial when it "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable,* 545 U.S. at 313. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. The substantiality element looks to the importance of the issue to the federal system as a whole. *Id.*

In *Grable*, the defendant removed the case to federal court because the case turned on the interpretation of a federal statute. 545 U.S. at 308. The Supreme Court held that removal was proper because the interpretation of the statute's meaning was an important federal-law issue "that sensibly belonged in a federal court." *Id.* at 315. In contrast, a claim that is "fact-bound and situation-specific" does not satisfy the substantiality requirement. *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 681 (2006).

Here, Plaintiff's NJCRA claim arises from a series of events unique to the parties in this action. That claim stems from his response to a domestic violence call involving an arrest that resulted in a criminal investigation, and later Plaintiff's prosecution. "[W]hether Plaintiff[] can vindicate federal constitutional rights under the [NJ]CRA is a heavily fact dependent inquiry," *Pena*, 2014 WL 1666052, at *2. Unlike *Grable*, this case does not present an important issue of federal law. *See Grable*, 545 U.S. at 315. Instead, Plaintiff's NJCRA claim is only significant to

the particular parties in this action. Thus, Plaintiff's NJCRA claim does not present a substantial federal issue.

*Finally*, if the Court were to adjudicate Plaintiff's NJCRA claim, it would disturb the balance of federal and state judicial responsibilities. In order for a court to exercise federal question jurisdiction, the Court must assess whether a federal forum may entertain the issue "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. In *Grable*, the Supreme Court concluded that this factor was satisfied because exercising federal question jurisdiction would have "only a microscopic effect" on the balance of federal and state judicial responsibilities. *Id.* at 315. The Third Circuit, on the other hand, "decline[d] to recognize federal question jurisdiction" when it would result in a "flood" of state law claims entering federal courts because doing so could disturb the congressionally approved balance of federal and state judicial responsibilities. *Goldman*, 834 F.3d at 258–59.

Here, exercising federal jurisdiction over Plaintiff's NJCRA claim merely because it references federal constitutional rights would encourage the removal of other state law actions that reference federal constitutional rights. Such a result would "upset the prominent role that state courts play as enforcers" of the NJCRA. *Id.* at 257. Thus, exercising jurisdiction here would disrupt the congressionally approved balance of federal and state judicial responsibilities.

As a result, this case does not fit within the narrow exception the Supreme Court set forth in *Grable*. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action.

## IV. CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this <u>**27th**</u> day of October, 2026,

**ORDERED** that Plaintiff's Motion to Remand, D.E. 19, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **REMAND** this action to the New Jersey Superior Court, Passaic County, Law Division; and it is further

**ORDERED** that the Clerk of Court shall mail to the Clerk of the New Jersey Superior Court, Passaic County, Law Division, a certified copy of this Memorandum Order; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

Evelyn Padin

Evelyn Padin, U.S.D.J.